No. 9.—John B. Ross, plaintiff in error, *vs.* The Executors of James A. Everett, defendant in error.

[1.] At Common Law, the representatives of a deceased partner are not liable to suit. *Query.*—Whether in Equity, a joint creditor cannot proceed at once against them, by making the surviving partner a party to the bill, and without averring the insolvency of the latter ?

[2.] Where suit is brought against all the partners, and one or more are served, and the serving officer making return of *non est inventus*, as to the rest, and one of the defendants served dies, the plaintiff, under the Act of 1820, may make his representatives parties, and proceed to judgment and execution against them.

Assumpsit, in Houston Superior Court.     Tried before Judge Powers, April Term, 1852.

To the July Term, 1847, of Houston Inferior Court, John B. Ross commenced his action against James A. Everett, and one William H. Lee, as partners, on a promissory note for $206 67. Everett alone was served, "*non est inventus*" being returned as to Lee.

The defendant pleaded the general issue, and also that no partnership existed between himself and Lee.

Everett died in 1848, and at the October Term, 1849, of Houston Superior Court, (the cause having been transferred to the Appeal,) the executors of Everett were made parties, and filed the following plea, among others:—"That they are not liable to be sued at Law as executors in the above stated case, because they say that William H. Lee, who is alleged to have been the partner of Everett, is now in life, and was the survivor of the said Everett, and if the said Lee and Everett were partners, as alleged by plaintiff, that the said Lee having survived the said Everett, Lee is alone liable in law to the plaintiff."

At the April Term, 1852, of Houston Superior Court, the cause came on to be tried, on the appeal, when counsel for the plaintiff demurred to the plea of survivorship, and moved to strike out the same.

Ross *vs.* Everett.

The Court overruled the demurrer and refused the motion, and this decision is assigned as error.

WHITTLE & KILLEN, for plaintiff in error.

WARREN & HUNTER, for defendant in error.

SAMUEL D. KILLEN, for plaintiff in error, submitted the following points and authorities:

1. When two or more copartners are sued in the same action, and one or more are served, and a return of *non est* shall be made as to the other, the action proceeds severally, as well as jointly, against those served. *New Dig.* 485.

2. No suit shall abate by the death of either party, when the cause of action would in any case, survive to the representative, either in the same, or any other form. *Ibid*, 472.

3. The cause of action would survive in a Court of Equity. *Gow. on Part.* 232 *and* 385 *to* 394. *Cole on Part.* 347 *and* '8.

4. In any of the cases enumerated in the Act of 1799, a party, plaintiff or complainant, is allowed to dispense with the forms of Equity at his discretion. *Act of* 1820, *New Dig.* 464.

The plea is substantially a plea in abatement. 1 *Saund. Pl. and Ev.* 2. 1 *Chit. Pl.* 446, '57. And should have been verified by affidavit and pleaded on the return of the scire facias.

G. R. HUNTER, submitted the following points and authorities for defendant in error:

1. Where one or two, or more, joint contractors, or copartners dies after making the contract, the survivors alone continue responsible at law, the personal representatives of the deceased partner being discharged from liability. 1 *Cain's Ca.* 123. *Gow. on Part.* 187, '9. 1 *Kelly*, 493. 2 *Archb. Pr.* 91. 8 *Bacon Ab.* 609. 1 *Maule & Selwyn*, 217.

2. It was competent for the defendent to plead and prove the

survivorship of Lee in bar of the suit. 2 *Starkie Ev.* 327. 1 *Chitty's Pl.* 694, '5. 10 *J. R.* 161. 5 *East R.* 262.

3. The order upon the return of the *sci. fa.* that the suit proceed, is not conclusive, as the question of the legal liability of the defendants as executors, could not be determined, and was not made on the *sci. fa.* and the order has not been acquiesced in.

The *sci. fa.* was but a continuation of the original suit, and not a new and independent suit. 2 *Archb. Pr.* 86. 1 *Term R.* 388. 10 *E. R.* 557.

On *sci. fa.* to revive judgment, no matter can be pleaded, which could be pleaded to the original action. 8 *J. R.* 76.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] There is no doubt whatever, about the *Common Law* rule, that the representatives of a deceased partner cannot be sued for a partnership debt. This rule is not repealed by our Act of 1818. 1 *Kelly*, 489. Nor is it repealed, except *sub modo*, by the Act of 1820, as we shall see.

[2.] The case now being considered, is just such a case as our Act of 1820 contemplates, and is controlled by that Act. The title of the Act of 1820, is "An Act to regulate the mode of prosecuting actions against contractors and *copartners* in certain cases." The preamble recites that doubts have arisen as to the mode of prosecuting actions against joint contractors and *copartners*, when one or more cannot be found, or reside without the limits of the State ; and for remedy, the body of the Act provides " that whenever two or more joint contractors or *copartners* are sued in the same action, and a service· shall be effected on one or more of the said joint contractors or copartners,·and the Sheriff or officer serving the writ shall return that the other defendant or defendants are not to be found, it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendant or defendants, who are served with process, in *the same manner as if* he, she, or they were the sole defendant or defendants." The second section enacts that judg-

ments so obtained shall bind both the joint or copartnership property and the individual property of the defendants served, but shall not bind the individual property of the defendants not served. (*Cobb's New Dig.* 484, 485.)

The object of this Statute, as indicated in the title and preamble, and as expressed in its enactments, is plainly to put joint contractors and copartners upon the footing of several obligors or promisors, and to make them liable as sole defendants, in certain cases. The cases intended are clearly defined. They are cases where two or more joint contractors or copartners are served in the *same action,* and one or more of the defendants are served, and the Sheriff makes return of *non est inventus* as to others. In all *such cases,* and in none others, the plaintiff is authorized to proceed against the defendant or defendants served, and shall have judgment and satisfaction, as in case of sole defendants. The language of the Act is very explicit. In the cases specified, it declares, " That it shall and may be lawful for the plaintiff to proceed to judgment and execution against the defendant or defendants, who are served with process, in the same manner as if he, she, or they, were the sole defendant or defendants." The record shows this to be a case literally within the operation of the Act. The suit was brought against *Everett &amp; Lee, as partners—Everett* was served, and the Sheriff returned that the other partner was not to be found. It is conceded by the counsel, that if *Everett,* who was served, had not died, the plaintiff could have proceeded against him to judgment and execution as a sole defendant. He says, however, that his dying takes the case out of the Statute, and that event having taken place, the *Common Law* rule comes in, and prevents the plaintiff from making his representatives parties. We do not think so. This Statute being in derogation of the *Common Law,* must be strictly construed, yet we cannot forbear to give full and fair effect to the legislative will. *That* at all events must obtain. The Legislature has said in just such a case as this—that is, where two partners are sued, and one is served and the other not— the plaintiff shall proceed to judgment, in the *same manner,* as if the party served was the sole defendant. Now, if *Everett* had been

the sole defendant, and had died pending the suit, what would be the manner of proceeding to judgment? Why, by *scire facias,* to make his representatives parties. And how proceed to execution? Why, by a levy and sale, after judgment, of the property of *Everett.* And this is the course the Legislature intended to be pursued in this case. This construction is indispensable to give effect to the Act. The Legislature could not have intended to give this mode of remedy, only in cases where the partner served, lives until a judgment is had against him. The Legislature intended to give the partnership creditor an available remedy against the *estate* of the partner served. The Act was passed for the benefit of the creditor. The boon to him is small indeed— shorn of half its value at least—if the construction of counsel prevails. That it was not intended to be thus limited, is clear from the words, general tenor, and manifest object of the Statute. We adhere to the decision in *Roosevelt & Barker vs. McDowell, executor, &c.* (1 *Kelly,* 489,) to wit: That the representatives of a deceased partner are not liable at Law, in an action brought after the death of a partner, against them alone, nor by a suit joining them with the survivor. Our decision is, that under the Act 1820, when all the partners are sued, all being in life, and only one or more are served, the plaintiff may proceed to judgment against the representatives of the deceased defendant or defendants who are served. It is argued that our construction will operate with injustice to the estate of the deceased partner, by making that liable, when the right of controlling the effects of the partnership, is in the survivor. If this be so, then our reply is, that we have no power to alter the laws in order to prevent the injustice of their operation. This, if well founded, would be a good argument addressed to the Legislature.

We say, as we have often said, that we are not responsible for the consequences of the legislation of the State. Our business is to see to it, that the laws, if constitutional, are enforced. But I do not see the injustice, which it is said, springs out of this Act, as we have construed it. It subjects the property of the partnership to the judgment obtained against the representatives

of the deceased partner, and it also protects the individual estate of the survivor from liability to it. No wrong is done to the survivor, and none to the estate of the deceased; *that* is made liable, it is true, but it is liable according to the modern decisions, independent of this Statute. Although the authorities are not accordant to the point, yet it seems to be the law by the preponderance of authority, that partnership contracts are, in Equity, joint and *several*, and that a creditor may proceed at once in Equity against the representatives of a deceased partner, by making the survivor a party, and without averring the insolvency of the latter. We make no ruling, however, upon this point, preferring, as it is not necessary to decide it now, to reserve it for more serious consideration. For the rule, as stated, see *Collyer on Partnership, b.* 3, *ch.* 3, §4, *p.* 407 *to* 413, 2 *edition. Davaynes vs. Noble,* 1 *Meriv. R.* 589. 2 *Russ. & Mylne R.* 495. *Sumner vs. Powell,* 2 *Meriv. R.* 37. *Wilkinson vs. Henderson,* 1 *Mylne & Keen,* 587. *Thorpe vs. Jackson,* 2 *Younge & Cole.* 553. *Gow. on Partn. ch.* 5 §2, *p.* 358, 359. 1 *Story Eq. Jurisp.* §676. 3 *Kent's Com.* 64. *Story on Partnership,* 514.

The old doctrine was, that the joint creditors have no claim whatever upon the estate of a deceased partner, except where the survivor is at the time of the death of the deceased, or subsequently became insolvent or bankrupt. For this doctrine see 2 *Verm. R.* 292. 2 *Vesey,* 265. 1 *Vesey, Jr.* 236. 6 *Vesey,* 119 *to* 127. 11 *Vesey,* 3. 17 *Ibid,* 519. 2 *Swanst. R.* 576. *Collyer Part.* 408. 2 *Johns. Ch. R.* 508. *Story on Partn.* 514.

All that the Legislature has done in the Act of 1820, is to declare, in the cases named, the more modern doctrine, and to give the creditor a Common Law remedy according to it. We rule that the motion to strike the plea ought to have prevailed, and reverse the judgment below.