ANDERSON, executor, *vs.* POLLARD & COMPANY.

1. Since the power of moulding verdicts and judgments at law, so as to afford equitable relief, has been conferred by the Code, a surviving partner and the representatives of a deceased co-partner may be joined in the same action on an open account against the firm, where the partnership and the survivor are alleged in the declaration to be insolvent. In the present case, the declaration is amendable so as to complete these averments, if both be necessary. Their absence from the declaration should have been taken advantage of by demurrer, or by motion to dismiss, and not by motion for a non-suit.

A debit in the bill of particulars—"To guano-notes and liens sent you for collection"—imports a contract of bailment of choses in action, and cannot be changed by amendment into a debit for guano

sold and delivered, the latter being essentially a new and distinct cause of action.

3. The action being on an account, with a bill of particulars annexed to the declaration, nothing new is introduced as a cause of action by an amendment which avers that the indebtedness sued for is evidenced in writing, signed by the defendants, etc., no writing being set out or described. Such an amendment is simply idle and useless.

4. Business letters proved to be in the handwriting of clerks who acted for a firm in their business at the time the letters purport to have been written, are presumptively the letters of the firm, the partnership name being affixed thereto in the same handwriting.

5. When an account containing both debits and credits, and which has been stricken from the declaration by amendment, is relied upon as an admission of the credits only, the whole account should go to the jury to be weighed as one entire document.

Parties. Pleadings. Partnership. Amendment. Principal and agent. Presumptions. Evidence. Before Judge HALL. Newton Superior Court. September Term, 1876.

On August 31, 1875, Pollard & Co. brought complaint against Anderson as executor of Baker, deceased, and Mayfield, under the name and style of Mayfield & Baker, for $2,816.07, besides interest, on an account. Attached to the declaration was a long bill of particulars, the first debit of which was dated January 22, 1872, and the last November 29, 1873, except numerous charges of interest which continued to January 6, 1875. The credits commenced with a balance brought from a former account, entered as of January 1, 1872, and ended with an entry on April 25, 1874. Anderson, executor, pleaded as follows: 1. The general issue. 2. The death of his testator on June 27, 1872, by which the firm of Mayfield & Baker was dissolved. 3. Payment of the account so far as it was contracted by said firm. 4. The statute of limitations.

After the jury was impaneled, counsel for the executor moved for a "non-suit" upon the ground that in an action upon an open account the representative of a deceased partner could not be sued in the first instance with the

surviving partner.   The motion was overruled and the executor excepted.

The plaintiffs then moved to amend their declaration by charging that the indebtedness for which the action was brought was embraced in writings signed by Mayfield & Baker, which obligations were in the possession of plaintiffs, held in their own right.

To this amendment it was objected that it added a new and distinct cause of action.   The objection was overruled, and the executor excepted.

Upon the close of the testimony of plaintiffs proving their account, counsel for the executor again moved for a non-suit upon the ground that plaintiffs had neither alleged nor proved that the firm of Mayfield & Baker was insolvent.   An amendment was then allowed charging that the said firm was insolvent at the time of the commencement of the action and so continues.   Proof to the same effect was admitted. The motion for a non-suit was then overruled, and the executor excepted.

Counsel for the executor stated that he would introduce no testimony, and proceeded to state his points of defense to the jury.   When he concluded, plaintiffs again proposed to amend in the following particulars:

The debits of July 31, and November 30, 1872, in the bill of particulars, were respectively as follows: "Am't cash sales guano not remitted—$25.00."   "Guano notes and liens sent for collection—$426.00."   For these items the plaintiffs proposed to substitute the following charge:

Plaintiffs say that said items "should be for guano obtained in February, March and April, 1872, to-wit:

| 1872. | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| " | Feb. | 10. | To 13 sacks Sea Fowl, 2,600 lbs., @ $60.00.. | $ 78 | 00 |
| " | " | " | " 20 " | " | " | 4,000 " | " | .. | 120 | 00 |
| " | Mar. | 5. | " 25 " | " | " | 5,000 " | " | .. | 150 | 00 |
| " | " | " | " 5 " | " | " | 1,000 " | 50.00.. | | 25 | 00 |
| " | " | 30. | " 5 " | " | " | 1,000 " | 60.00.. | | 30 | 00 |
| " | " | " | " 2 " | " | " | 400 " | " | .. | 12 | 00 |
| " | Apr. | 19. | " 6 " | " | " | 1,200 " | " | .. | 36 | 00 |

$451 00

" And for further amendment strike out from the account all items charged or credited after June 27, 1872, except the interest that had accrued up to that time after the above amendment."

To this amendment it was objected that it added a new and distinct cause of action. The objection was overruled and the executor excepted.

Substantially the following facts appeared from the testimony:

In the year 1871, and until the 27th day of June, 1872, Mayfield, of the county of Rockdale, and Baker, of the county of Newton, were co-partners in a mercantile business, carried on at Conyers, in Rockdale county. Baker was a planter, and lived on his farm in New—ton county. Mayfield lived at Conyers, and managed and controlled the business of the firm. Pollard & Co. resided at Augusta, and there did business. The firm of Mayfield & Baker traded with Pollard & Co. Mayfield bought cotton at Conyers for the firm of Mayfield & Baker, and shipped it to Pollard & Co. at Augusta, and Pollard & Co. advanced money to Mayfield & Baker to pay therefor. Pollard & Co. held the cotton as security, and sold it to reimburse themselves for advances thus made. On the first day of January, 1872, a settlement was had, and on that day there was a balance of $62.54 due to the firm of Mayfield & Baker. The business relations between the said two firms continued until the 27th of June, 1872, on which day Baker died. There was no agreement that the co-partnership should be continued after the death of either of the parties. Business transactions were continued by Mayfield, the surviving partner, with Pollard & Co., after the death of Baker, until the 29th day of November, 1873.

This action was brought for the balance due upon such account. The correctness of some of the items was disputed, but the evidence in reference thereto is irrelevant here.

As a part of the defense, counsel for the executor read

in evidence all the credits upon the entire account as it stood before amendment, and the two debits of July 31 and November 30, 1872.

Plaintiffs offered twelve letters ·from Mayfield & Baker to Pollard & Co. ordering goods and money, giving directions as to sales of cotton, and relating generally to the business done between the two firms.  These communications were shown to have been written by the clerk of Mayfield & Baker.  Objection was made to them upon the ground that they were not proven to have been in the handwriting of the firm, nor was the authority of the writer shown.  The objection was overruled and the executor excepted.

The jury found for the plaintiffs against both defendants $1,167.33 principal, and $334.14 interest.  The executor moved for a new trial on account of error in each of the rulings to which exception was taken, and upon the further ground that the jury had in their possession the whole account as first attached to the declaration.  The motion was overruled and Anderson, executor, excepted.

J. J. FLOYD, for plaintiff in error.

EMMETT WOMACK, for defendants, cited, on parties, 15 *Ga.*, 213 ; 55 *Ib.*, 174 ; Story's Eq. Jur., §676 ; Story on Part., §514 ; Kent's Com., 64.   On amendments, 8 *Ga.*, 65 ; 19 *Ib.*, 421 ; 52 *Ib.*, 576.

BLECKLEY, Justice.

1. The want of necessary averments in a declaration is not cause for a non-suit ; for a non-suit, under our practice, takes place for failure to support the declaration by evidence. We demur to the evidence as insufficient, and move to non-suit the plaintiff.  When a declaration is defective, we demur to *it*, or move, *ore tenus*, to dismiss it.  And this distinction in practice is matter of substance ;  for there is a great economy of time and expense in not waiting for the evidence

to come in in order to try the sufficiency of the declaration. The object of introducing evidence is not to aid the declaration, but to prove the truth of it. A motion for a non-suit is aimed at the evidence as compared with what the declaration is, not at the declaration as compared with what it ought to be. It follows that, in strict law, the court did not commit error in overruling the motion for a non-suit. But if the declaration had been demurred to, or a motion made to dismiss it, or if a plea of misjoinder of defendants had been duly filed, what should have been the action of the court then? Can a surviving co-partner and the representative of a deceased partner, be sued at law in the same action upon an account against the partnership? The authority for a joinder of the two, given by the Code in sections 3348 and 3349, is confined to actions upon notes, bills, bonds or other obligations in writing, signed by the partners. These sections, therefore, do not apply to the present case. But other sections of the Code give to the superior court equity powers, and enable it to mould verdicts and judgments so as to afford equitable relief; and by virtue of these there can be a joinder at law under circumstances that would justify it in equity. Putting the decisions of this court and the authority of approved text books together, we can safely affirm that the survivor and the representative of the deceased may be joined in equity when the creditor can allege and prove the insolvency both of the partnership and the survivor. Some of our own cases seem to have gone on the idea that insolvency of the partnership was the sufficient matter, while the other books we cite appear to treat the insolvency of the survivor (which, strictly speaking, includes that of the partnership, the survivor succeeding in legal title to all the assets) as formerly the decisive test.—See 1 Story's Eq., §676 : Story on Part., §362; Gow on Part., 385, 386 ; Parsons on Part., 447, 448; 12 *Ga.*, 30 ; 21 *Ib.*, 155 ; 15 *Ib.*, 213 ; 55 *Ib.*, 174. Perhaps, in the state of our own decisions we could not hold it necessary to allege more than the insolvency of the partnership, and that has been

done by way of amendment to the declaration. Were it requisite to go beyond this and aver the insolvency of the survivor, that could be done by way of further amendment, as the case goes back for a new trial, on other grounds. We learn from the argument that in point of fact the survivor is insolvent ; and if this be so, it ought to be averred and proved, so as to free the point of joinder from all doubt.

2. While the declaration was and is amendable so as to remedy the apparent misjoinder, it was not amendable so as to bring into the bill of particulars, or into the declaration apart from the bill of particulars, a new and distinct contract —a contract of a different class from the one for which the amendment was substituted. It is certain that the item charged in the bill of particulars under date of November 30, 1872, imported a bailment of choses in action for collection ; and for this and another item, which latter seems also to have reference to a bailment and the realization of cash therefrom, it was proposed to substitute an account for guano, not bailed, but sold and delivered. In other words, a bailor sues his bailee for not accounting for certain notes, and for not paying over certain money, both belonging to the bailor, and then changes his action into a suit for guano which the plaintiff sold and delivered to the defendant. It seems to us that such a latitude of amendment infringes the rule against introducing by amendment a new and distinct cause of action; and we hold that while it was competent to strike out the two items from the account, it was error to carry the amendment further, and permit the guano account to be substituted in their place. See 56 *Ga.*, 119 ; 50 *Ib.*, 53.

3. The other amendment was simply idle and useless, and ought to have been rejected for that reason. It introduced nothing new. The action was on an account, with a bill of particulars. The amendment was merely to the effect that the indebtedness was evidenced in writing, signed, etc., but no writing was set out or described. The effort, doubtless, was to bring the case within sections of the Code 3348 and 3349, above cited, but nothing of the kind could be done

without declaring upon the writing, whatever it might be ; and to declare upon it by amendment, with an account and bill of particulars as the original cause of action, would be, most probably, to run up against the rule just applied under the preceding head. At all events, the amendment was no more than to say, we can prove our account by some writing signed by the firm, without stating what writing.

4. Under the evidence, we think the letters were sufficiently proved to admit them as the letters of the partnership. They were in the partnership name, and were on the business in which the actual writers were acting for the firm as clerks when the letters were written. This case can be distinguished from that in 53 *Ga.*, 219.

5. The defendants introduced the credits in that portion of the general account which the plaintiffs had stricken out by one of their amendments. It is said that as only credits were introduced, the jury had no right to look at the debits on the same paper, and which were as much a portion of the account as the credits were. We think otherwise. The instrument of evidence was the document, and the jury could look at the whole of it in weighing its meaning and effect.

Judgment reversed.