20868. FITZPATRICK *v.* SEABOARD AIR-LINE RAILWAY CO.

STEPHENS, J. 1. All that is required of a plaintiff to withstand a nonsuit is to prove the allegations of the petition. *Kelly* v. *Strouse*, 116 *Ga.* 872 (4) (43 S. E. 280); *Anderson* v. *Pollard*, 62 *Ga.* 46; *Tison* v. *Yawn*, 15 *Ga.* 491.

2. This being a suit against a railroad company to recover for personal injuries, in which the petition alleges that the plaintiff, while driving an automobile at a speed approximating 25 miles an hour along a public highway at about 10:30 at night, approaching a railroad crossing of which he was not aware, collided with a train of the defendant which was on the crossing, but which, on account of the blinding lights of an approaching automobile, the plaintiff did not see until he was in such close proximity to the train that he could not stop the automobile in time to avoid the collision, that the defendant was negligent in not blowing a whistle or ringing a bell or having any lights to warn travelers along the highway of the approach of the train, and that the train carried no lights or warning devices that could be seen at night by travelers along the road, and it appearing that the evidence adduced in behalf of

the plaintiff supported the allegations of the petition, the court erred in granting a nonsuit.

3. The decisions relied on by the defendant, wherein the court held that the petitions failed to set out causes of action, are not controlling where the exception is to a nonsuit.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*Bouhan & Atkinson,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.