28148. POLLARD, receiver, *v.* CLIFTON.

Decided May 1, 1940.

*A. S. Bradley, Dekle & Dekle,* for plaintiff in error.
*L. P. Strickland, Oliver & Oliver,* contra.

Guerry, J. The plaintiff brought his action to recover damages sustained by reason of a collision of his automobile with the railway-cars of the defendant at a public crossing. The defendant excepted to the order overruling its general demurrer to the petition.

The petition alleged that the plaintiff was driving his automobile at two o'clock a. m., on a paved street in Millen, Georgia, and ran it into a space between two box-cars attached to the train of the defendant, which was barely moving across the crossing. The engine pulling said train had crossed the crossing, and was six car-lengths distant from the crossing, and could not have been seen by the plaintiff, on account of stacks of lumber adjacent to the tracks. There was a street light seventy feet distant from the crossing and about fifteen feet above the pavement, which light is alleged to have caused the lights of the plaintiff's moving car to blur, and prevented him from seeing the train on the crossing in time to stop. He was traveling thirty-five miles per hour, and was within forty feet of the train before he discovered it, and it was then too late for him to stop his car before it ran into the cars six lengths behind the engine. The headlights of his car were in good condi-

tion and burning brightly. It was further alleged that plaintiff had been at a filling-station, seated in his car, two hundred yards distant from the crossing, "and had the bell been tolled or the air whistle blown before the said crossing was reached by the engine of said train, your petitioner could not have failed to have heard either or both of said signals before he started his automobile from Burke's filling-station toward said crossing, . . or while proceeding from Burke's filling-station toward said crossing." The defendant was alleged to have been negligent in the failure to toll the bell or blow the whistle, and in failing to keep a watchman at said crossing. The petition alleged that the plaintiff was a resident of that community.

The engine was six car-lengths beyond the crossing at the time of the accident, and was "barely moving." Construing the petition most strongly against the plaintiff, we may say that the road was straight, that the plaintiff knew of the crossing and that it might be occupied by a train, and that the light might prevent the lights on his automobile from showing a train if it were on the crossing and he did not slacken his speed enough to stop his car, if such were the case, before it ran into the train barely moving. We think it clearly appears that by the use of ordinary care the plaintiff could have prevented the results of the defendant's negligence, if any. *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643) ; *Burnett* v. *Louisville & Nashville Railroad Co.,* 58 *Ga. App.* 64 (197 S. E. 663). Moreover, we do not think the alleged negligence of the defendant violated any duty owing to the plaintiff. *Huckabee* v. *Grace,* 48 *Ga. App.* 621 (173 S. E. 744). The purpose of the statute with respect to giving signals in approaching a crossing is to give warning to persons on the crossing, or those who may be approaching the crossing, or whose animals may be scared by the sudden and unwarned approach of the train. When the engine of a train which is barely moving has already gone over the crossing and is six car-lengths away, the failure of the engineer to ring the bell or blow the whistle in approaching said crossing does not violate a duty to the driver of an automobile who is seated in a car stopped at a filling-station two hundred yards distant, or to a driver who knows of such crossing and that it may be occupied by a train, and who is driving at a rate of speed which prevents him from stopping after he discovers the presence of the freight-cars on

the crossing. This distinction is pointed out in *Lewis* v. *Powell,* 51 *Ga. App.* 129 (179 S. E. 865). We do not mean to hold that, had the impact between an automobile and some part of the front end of a moving train been so immediate as to make it doubtful whether the driver could have avoided the consequences to himself had the required warning been given, the failure to give such warning would violate no duty to such driver. Ordinarily the failure to blow the whistle or ring the bell before going over a crossing violates no duty to a traveler who runs into the train after it has stopped on the crossing. Under the facts alleged in this case, the evident time which had elapsed between the time the engine had approached such crossing and the time it had gone six car-lengths over it, together with the fact that the movement or speed of the train was not a contributing factor to the injury complained of, shows that the negligence alleged was not a proximate cause of the injury.

The court erred in overruling the general demurrer as to both counts of the petition, the second count alleging wanton negligence under the same facts.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*