## VASSEY v. STANDARD OIL CO. OF KENTUCKY et al.

### No. 9743.

Circuit Court of Appeals, Fifth Circuit.

May 6, 1941.

Young H. Fraser, of Atlanta, Ga., for appellant.

W. W. Dykes, of Americus, Ga., and Sumter M. Kelley, of Atlanta, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Mrs. J. L. Vassey brought suit against Standard Oil Company of Kentucky and the Receivers of the Seaboard Air Line Railway Company for damages for the wrongful death of her seventeen year old son, Ralph Vassey, who at the time of his death was earning $50 per month and contributing to his mother's support. Along with other defensive pleadings the Oil Company and the Receivers filed motions to dismiss the suit. The court sustained the motions and entered an order dismissing plaintiff's petition as to both named defendants. Mrs. Vassey appealed.

Only the petition is before us and decision must turn upon whether or not it states a cause of action. The petition alleges that about 11:30 o'clock on the night of March 11, 1939, Ralph Vassey was riding as a passenger in a truck driven by one Rooney; that the truck was being driven in a southerly direction along State Highway 55 through the City of Richland in Stewart County, Georgia; that at a point 200 yards north of where the railroad crosses the highway, State Highways 55 and 28 cross; that from the intersection of these two highways the street or highway is straight and down grade to the railroad crossing; that prior to March 11, 1939, Standard Oil Company had installed a gasoline filling station below the southwest corner of the highway intersection; that said Oil Company was maintaining a large advertising sign suspended from a pole implanted at the western edge of the highway; that at night the sign was illuminated by electric flood lights, which fact was known to the Receivers of the railroad.

The petition further alleges that the highway crosses the railroad track at a low place; that one leaving the intersection of the highways and traveling south along State Highway 55 can see over a train standing on the crossing; and that at night the lights along the street beyond the crossing may be seen over the top of any train that may be on the crossing. As the truck, which was being driven by Rooney, left the highway intersection in the center of Richland, a Seaboard freight train was on the crossing, backing slowly across the highway. The electric flood lights of the Standard Oil Company were burning at that time, the weather was foggy, and it was drizzling rain. The truck proceeded south toward the crossing at a speed not exceeding twenty miles per hour and ran into the side of the freight train, and Ralph Vassey was fatally injured. It is alleged that the driver of the truck could not see the train because of the flood lights on the Standard Oil sign; that he did not hear the train because it was being backed slowly across the highway; that the railroad did not give any warning of the existence of the train at the crossing; and that it did not maintain a flashing signal or watchman at the crossing to notify approaching vehicles that the crossing was blocked.

In the petition and brief of the appellant it is alleged that the railroad was negligent: "(a) in backing freight cars across a highway in a dip, adjacent to the flood lights without a warning to approaching vehicles, (b) in failing to maintain a flashing signal or other device indicating that the highway was blocked, (c) in failing to maintain a watchman to warn approaching vehicles of the blocking of the highway, (d) in backing freight cars across a public highway in a dip adjacent to a flood light where said right-of-way intersected a public highway with street lights on each side of said right-of-way, and where said right-of-way was adjacent to a blinding flood light located in said dip, creating the illusion that the highway was open and clear, when, in fact, it was blocked, without a warning to approaching vehicles of the blocking of the highway, (e) in failing to maintain a flashing signal or other warning device or watchman indicating that a public highway was blocked * * *."

The negligence imputed to the Standard Oil Company consisted of: "(a) in erecting and maintaining a flood light at the curbing edge of a public highway adjacent to and in close proximity to a railroad crossing, (b) in erecting and maintaining a flood light at the edge of a public highway adjacent to a railroad crossing where said crossing and flood lights were in a low place or dip in a public highway, (c) in

erecting and maintaining a flood light at the edge of a public highway adjacent to a railroad crossing where the flood light tended to blind operators of approaching vehicles and (d) in erecting and maintaining a flood light at the edge of a paved highway close to a railroad crossing * * *."

The petition further charges that the negligence on the part of the two defendants were concurrent acts of negligence which brought about the death of appellant's son.

The petition does not inform when or for how long the flood lights had been installed and maintained near the railroad crossing. For aught that appears these lights may have been maintained there for a long time. It is clear that the Oil Company was not responsible for the weather or for the train of cars which was on the crossing at the time of the accident. It had no connection with the railroad. Not one of the acts complained of touching the Oil Company measured to negligence per se, and no logical deduction can be drawn which would impute negligence to it because it owned and operated a filling station near the crossing, and maintained on its property a pole sign with electric lights which was on a line with the street lights along the highway in the City of Richland. No allegation of the petition points out concurrent negligence on the part of the Oil Company, and it should not be required to respond in damages for the acts and conduct of the railroad.

The cases relied upon by the appellant to support the petition and make its allegations stand above the fog-line of doubt, conclusions, and uncertainty and speak a cause of action against the railroad signally fail. In Central of Georgia v. Heard, 36 Ga.App. 332, 136 S.E. 533; Gay v. Smith, 51 Ga.App. 615, 181 S.E. 129; and Southern Railway v. Riley, 57 Ga.App. 26, 194 S.E. 422, 423, it was shown that the plaintiffs did not know of the crossing. In the Heard case a City regulation was involved, and that case and other cases relied upon by appellant were in many respects pointedly different from the case here. Cf. Central of Georgia R. Co. v. Barnett, 35 Ga. App. 528, 134 S.E. 126; Fitzpatrick v. Seaboard Air-Line Ry. Co., 43 Ga.App. 817, 160 S.E. 664.

The allegations of the petition do not establish that the railroad was negligent in not maintaining a flashing signal or watchman at the crossing. Pollard v. Clifton, 62 Ga.App. 573, 9 S.E.2d 782. It is not alleged that Rooney, the operator of the truck, was not familiar with or did not know of the railroad crossing. A down grade speed of twenty miles per hour through the heart of a city on a dark, foggy, and rainy night toward a railroad crossing points conclusively, we think, to the cause of the accident. Although in Georgia the negligence of the driver of an automobile may not be imputed to the guest, it is settled that if the negligence of the driver is the sole proximate cause of the accident the guest may not recover against a third person. Taking as true the facts alleged in the petition it is clear that the driver of the truck was solely at fault. Therefore, appellant may not recover from these appellees for the death of her son. Driskell v. Powell, 5 Cir., 67 F.2d 484; Pollard v. Clifton, 62 Ga.App. 573, 9 S.E. 2d 782; Hallman v. Powell, 60 Ga.App. 339, 4 S.E.2d 104; Tidwell v. Atlanta, B. & C. Railroad, 42 Ga.App. 744, 157 S.E. 535; Brown v. Southern Railway Co., 5 Cir., 61 F.2d 399; Brinson v. Davis, 32 Ga.App. 37, 122 S.E. 643; Brooks v. Carver, 55 Ga.App. 362, 190 S.E. 389; Anderson v. Collins & G. R. Co., 47 Ga.App. 722, 171 S.E. 384.

The court properly dismissed the petition. The judgment is affirmed.