## ATLANTIC COAST LINE R. CO. v. KAMMERER.

## KAMMERER v. ATLANTIC COAST LINE R. CO.

### No. 14301.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Rehearing Denied Aug. 3, 1953.

Rives, Circuit Judge, dissented.

Charles L. Gowen and Chris B. Conyers, Brunswick, Ga. (Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., of counsel), for appellant.

E. Way Highsmith, Brunswick, Ga., J. H. Highsmith, Brunswick, Ga. (Highsmith & Highsmith, Brunswick, Ga., and Baxley, Ga., of counsel), for appellee and cross-appellant.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee's son met his death when he drove his automobile into a train of cars that was performing a switching operation at a street crossing in Brunswick, Georgia. There are numerous specifications of error, but the decisive points on this appeal are with reference to the trial court's instructions to the jury. There was ample evidence to warrant the jury in finding that both the deceased and the railroad company were negligent, and the real question as to liability was one of comparative negligence. This is not a case for punitive damages.

In his opening statement to the jury, the attorney for the plaintiff did not confine himself to the facts that he intended to prove, but argued the case fully, claiming that only a railroad company could escape prosecution for such wilful and wanton negligence. A speech of this character, before any evidence was introduced, tended to create such an atmosphere of bias or prejudice as to render it difficult for the jury to listen to the evidence with an open mind.

526

Another feature of the trial that tended to confuse the jury was the reading by the court in its charge of about six printed pages of the complaint denouncing the situation created by the defendant as "in reality a camouflaged death trap, * * * causing an optical illusion * * * known to the defendant's employees" or which should have been known, causing the death of this fine young man by the gross wilful and wanton maintenance of "a virtual death trap, * * * in violation of the most elementary concepts of care in human relationship": the reading of all this and much more of the same tenor in the charge of the court was heard by the jury just before retiring to consider its verdict. It is true that the court often said "the plaintiff alleges" or "I am just reading the substance of the plaintiff's petition," but it was more than substance; it was the language of the pleader transmitted to the jury by the voice of the court, the highest and most authoritative voice in the room.

 No objection to this action of the court or to the plaintiff's opening statement was interposed by the railroad's attorney, and the points are not raised on appeal; therefore, we do not reverse the judgment on such grounds, though this court may notice a plain error of its own motion if justice requires it; but, since this case must be tried again, due to other matters, we call attention to the fact that an opening statement should be limited to the facts that the pleader intends to prove by relevant, competent, and material evidence.

 We think the trial court erred in refusing to charge, as requested by defendant, that when a train is standing on a crossing, it is of itself ordinarily sufficient notice of danger, and it is unnecessary to use gates or flagmen in such cases to call attention to that which every prudent person should see. The following instruction, requested by the defendant, also should have been given:

"The Court charges you as a matter of law that the deceased, Albert G. Kammerer, Jr., was negligent if he drove his car at such a speed that he was unable to stop the same within the distance of his lights at the time, whether the lights were as required by law or in improper condition. If you find that there were shadows cast upon the freight car and engine, but that properly working lights would have revealed the car and the engine, and if you find that the deceased, Albert G. Kammerer, Jr., was driving his automobile at such a rate of speed that he would be unable to stop the same when the engine and freight car were revealed by his headlights or would have been revealed to a person exercising ordinary care, the injuries and resultant death as a result of the collision would have been caused by deceased's negligence in so driving his automobile."

Burnett v. Louisville and Nashville R. Co., 58 Ga.App. 64, 197 S.E. 663; Pollard v. Clifton, 62 Ga.App. 573, 9 S.E.2d 782.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

RIVES, Circuit Judge (dissenting).

For me to state the full facts of this case would unduly prolong this dissent, and would probably serve no useful purpose. In my opinion, the jury were authorized to find that the appellee's twenty-four year old son had been wantonly killed by appellant's servants. The track was a spur track abandoned in 1949 and the re-use of which had begun only a few months before the fatal accident without any new warning signs or notice to the public. There was no necessity for blocking the street. The engine with one box car attached had been stopped clear of the street, and then instead of the conductor's walking across the street to inspect the car on the opposite side and ascertain whether it was empty, he had the engine to start again and continue its movement until the street was completely blocked by a box car and engine with the headlight of the engine admittedly not burning. As the conductor opened the door of the box car, the fatal crash occurred. Under the facts of this case, I think that the defendant's counsel may have been well advised in not objecting to the plaintiff's

opening statement or to the oral charge of the District Court. Read as a whole, that charge seems to me a fair and able presentation of the issues to the jury.

The requested charge quoted in this Court's opinion was properly refused, I think, for a number of the reasons given by the District Judge on pages 452 to 455, inclusive, of the record. If not otherwise defective, the charge would naturally lead the jury to believe that there could be no recovery if the deceased was negligent, whereas contributory negligence is not a complete defense in Georgia. I would affirm the judgment of the District Court, and therefore respectfully dissent.

On Petition for a Rehearing.

Before HOLMES, BORAH and RIVES, Circuit Judges.

PER CURIAM.

Since neither of the judges who concurred in the decision of the court in this case is of the opinion that the petition should be granted, it is ordered that the petition for rehearing be, and the same hereby is, denied.

RIVES, Circuit Judge.

I dissent.