### 15290. BRINSON *v.* DAVIS, agent.

The allegations of the petition in this case showing, as a matter of law, that the plaintiff's injuries were caused *solely* by negligence or want of ordinary care on the part of the driver of the automobile in which the plaintiff was riding as a guest, the railroad was not liable, and the court did not err in sustaining the general demurrer and dismissing the case.

DECIDED APRIL 15, 1924.

Action for damages; from Fulton superior court—Judge Humphries. November 22, 1923.

This is a suit by E. H. Brinson against the director general of railroads, operating the Atlanta & West Point Railroad, to recover damages for personal injuries alleged to have been received in the following manner: On the night of November 21, 1919, about nine o'clock, T. L. Cook invited plaintiff to ride with him in his automobile to the city of Atlanta. Plaintiff accepted Cook's invitation and they began their journey to the city, proceeding along Ashby street, which crossed a railroad-track used by the Atlanta & West Point Railroad. Cook, the driver of the automobile, ap-

proached this crossing, which was a public crossing within the city limits, at a rate of about ten miles per hour, and upon reaching the crossing collided with a train of freight-cars (which had been stopped by the defendant on the crossing), thereby upsetting the automobile and causing the plaintiff's injuries. The petition alleged that the defendant was negligent in the following particulars: (1) in maintaining an arc-light over the right of way of the railroad in such a position as to obstruct and blind the view of plaintiff, and others using the street, of trains upon the crossing; (2) in illegally obstructing the crossing for a period of about thirty minutes in violation of a valid municipal ordinance of the city of Atlanta; (3) in failing to maintain at the crossing a flagman, gate, electric bell, or other signal to warn plaintiff and other persons, when approaching the crossing, of trains upon, approaching, and crossing over the same; and (4) in failing to toll a bell, or to give some other signal or to have a watchman at the crossing to warn plaintiff and other persons using the same that a train of cars was upon the crossing.

The court dismissed the petition, on general demurrer, and the plaintiff excepted.

*G. N. Bynum,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) While it is true, as shown by the petition, that the plaintiff was a guest of the driver and owner of the automobile which collided with the defendant's train, and, therefore, that any negligence of the operator of the automobile is not imputable to the plaintiff, it is our judgment that the plaintiff is not entitled to recover, because the allegations of his petition show as a matter of law that his injuries were occasioned *solely* by the negligence or want of ordinary care of the driver of the automobile in driving his machine upon the crossing when he could not see what was upon the crossing; and that the acts of negligence alleged against the defendant did not contribute to, or concur with the negligence of the driver in bringing about, the plaintiff's injuries. The cases cited and relied on by counsel for the plaintiff in error are distinguished by their particular facts from the case at bar. In this case the operator of the automobile did not attempt to drive over a crossing in front of a moving train or drive around a standing train, but, in the

language used in the brief of counsel for the defendant in error, "He, with the plaintiff sitting by his side, carelessly and recklessly, and, to accept his own statement, blindly and being unable to see, undertook to go through the freight-train. Here was an obstruction which would have been seen had the party in the automobile looked, provided the headlights on the automobile were working and illuminating the road in front of the automobile in accordance with the State law." It follows from what has been said that the court did not err in sustaining the general demurrer to the petition and in dismissing the case.·

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*