17432.  CENTRAL OF GEORGIA RAILWAY CO. v. HEARD.

In this action against a railway company to recover damages for personal injuries to the plaintiff, occasioned by a collision between the automobile in which she was riding and one of the defendant's trains, standing at a public grade crossing, it can not be said, as a matter of law, that the petition failed to show negligence by the defendant, nor that it affirmatively appeared therefrom that the plaintiff, if negligent, was so negligent as to be barred from a recovery, nor that the collision should be attributed to negligence on her part as the proximate cause. The petition set forth a cause of action, and the court did not err in overruling the general demurrer thereto. See, in this connection: *Davis* v. *Smiley,* 33 *Ga. App.* 508 (2) (126 S. E. 904); *Central &c. Ry. Co.* v. *Burton,* 33 *Ga. App.* 199 (125 S. E. 868); *Elberton &c. R. Co.* v. *Thornton,* 32 *Ga. App.* 259 (2) (122 S. E. 795); *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (124 S. E. 110); *Martin* v. *McAfee,* 31 *Ga. App.* 690 (2) (122 S. E. 71); *Savannah Electric &c. Co.* v. *Nance,* 31 *Ga. App.* 632 (121 S. E. 690; *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685); *Rome Ry. & Lt. Co.* v. *King,* 30 *Ga. App.* 231 (2) (117 S. E. 464); *Wynne* v. *So. Bell Tel. &c. Co.,* 159 *Ga.* 623 (126 S. E. 388).

DECIDED JANUARY 24, 1927.

Damages; from Chatham superior court—Judge Meldrim. April 15, 1926.

Application for certiorari was denied by the Supreme Court.

This case is here on exceptions to the overruling of a general demurrer to the petition. The suit was to recover damages for personal injuries to the plaintiff, occasioned by the collision of an automobile in which she was riding and a freight-train of the defendant, standing at a public grade crossing. The petition contained substantially the following allegations: The plaintiff, with other persons, went in an automobile from the city of Savannah to a point on the Augusta road north of Sylvania, for the purpose of conveying to Mr. and Mrs. Alexander, who had been detained because of an automobile accident, certain necessary parts for the repair of their car. When the plaintiff and the others with her were returning to Savannah, she was sitting in the front seat of the automobile, at the steering wheel, and was driving. About 3:30 in the morning of October 19, 1925, the automobile was proceeding along Bay Street Extension in the city of Savannah from the direction of Augusta. Bay street is one of the main streets of the city and is the highway from Savannah to Augusta and intermediate points, and is also the highway which leads to and from

Railroads, 33 Cyc. p. 1053, n. 86, 88.

the new bridge that crosses the Savannah river at Port Wentworth, and which connects Georgia with South Carolina. The injury to the plaintiff happened at the railroad crossing on Bay Street Extension, known as crossing No. 4. This crossing is frequented by the public in passing to and from the business and banking district of Savannah, and is about one mile from the city hall of Savannah. It is one of the most generally frequented railroad crossings in the city. The night was intensely dark and was misty and foggy, and for this reason the plaintiff was driving with care and caution along Bay Street Extension at a rate of speed not exceeding fifteen miles per hour. While proceeding in this careful manner the machine was nearing the said crossing, but the plaintiff was not aware that she was in the immediate vicinity of the crossing; and in the exercise of ordinary care she could not have so known, as the defendant had not provided any means of warning her of her approach toward the crossing. When the automobile was not more than 10 feet distant there suddenly loomed in front of it the bulk of a freight-car of a train of about thirty freight-cars standing on the third track of the crossing and blocking it. In order to avoid collision with the box-car, the automobile was swerved toward the right, and the plaintiff endeavored to stop the automobile before it left the paved highway, but was unable to do so, and it left the paved highway and proceeded in a direction parallel with the box-car, and side-swiped it; and because of the impact the plaintiff received described injuries. She had no notice or warning of the presence of the box-car that was blocking the crossing, until she was within about ten feet of the same. An electric street-lamp hung over the street, about fifteen feet above the pavement and about twenty feet west of the box-car, but did not apprize her of the presence of the box-car, for, because of the position in which it was hung and the misty foggy morning and the intense darkness, the lamp, instead of illuminating ahead of the automobile, had the effect to blind her, as does the glare of the headlights of an approaching automobile.

The petition further alleged: The defendant blocked said crossing No. 4 with its standing train of box-cars and the attached engine, for more than five minutes, and, in so blocking the crossing, was violating a public ordinance of the city of Savannah, as follows: "1417. (1114.) *Railroads not to obstruct street crossings.*

It shall be unlawful for any railroad company to permit the train, cars, car or engine of said company to remain stationary or standing for longer than the space of five minutes on any street crossed by the railroad track of said company, or to obstruct in anywise said street crossing for a longer time than five minutes; and further it shall be unlawful for any railroad company to permit any train, cars, car or engine of said company to remain stationary or standing in front of the entrance of any store for a longer time than five minutes so as to prevent access to the said store, except only when a car or cars are being used for the owner or occupant of said store in the business connected therewith." The defendant did not have and maintain, on each side of its tracks at said crossing, gates to be approved by the mayor, or a watchman at each track, and, in failing to do so, was violating a public ordinance of the city as follows: "1419. (1116.) *C. R. R. crossing on Bay Street extended to keep gates.* The Central of Georgia Railroad Company which crosses by its tracks Bay Street as extended in the city of Savannah is hereby required to place and maintain, on each side of their tracks at said crossing, gates to be approved by the mayor, or a watchman at each track."

The allegations of negligence are as follows: (*a*) The defendant blocked a public street of the city of Savannah with a train of box-cars longer than five minutes, contrary to the ordinance heretofore recited. (*b*) The defendant failed to place and maintain on either side of its tracks, at said crossing No. 4, gates to be approved by the mayor, or watchmen at each track of said crossing, contrary to the ordinance heretofore recited. (*c*) Defendant failed to have and maintain an electric bell, gong, or other signal apparatus which would by sounding apprize persons approaching the crossing of the presence of a train standing upon or passing over the crossing. (*d*) Defendant failed to have the electric light, which was supposed to illuminate the crossing and show to persons on the highway any obstruction on the crossing, elevated to such position as that the light, under the atmospheric conditions and the darkness then and there prevailing, would not blind persons when nearing the crossing. (*e*) Defendant failed to provide a red or other colored light which would have penetrated the mist and darkness and would have apprized petitioner of the presence of the box-car. (*f*) Defendant failed to hail or otherwise warn the driver

of the car as she approached the crossing, and thus apprize her of the danger which confronted her.

*T. M. Cunningham Jr., H. W. Johnson,* for plaintiff in error.

*Oliver & Oliver, John Z. Ryan,* contra.

BELL, J. (After stating the foregoing facts.)

The plaintiff in error relies mainly upon the case of *Davis* v. *Brinson*, 32 *Ga. App.* 37 (122 S. E. 643). In the petition in that case, however, there was no allegation, as there is here, as to the fog and other weather condition, and as to the manner in which the plaintiff was affected thereby. From all the facts appearing, we can not say that the railway company was not negligent in at least one or some of the particulars alleged, or that the plaintiff, if negligent, was so negligent as to be barred from a recovery, or that it affirmatively appears that the accident was attributable to negligence on the part of the plaintiff as the proximate cause. It is our opinion that the averments of the petition make a case for a jury, and therefore that the superior court properly overruled the general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*