20222. LANE v. GAY, receiver.

BROYLES, C. J. In this case the court passed the following order: "Demurrers sustained and case dismissed, on authority of *Adams* v. *Central of Ga. Ry. Co.,* 39 *Appeals,* 577." In our judgment the case was properly dismissed, since the averments of the petition in the instant

case and of the petition in the *Adams* case were substantially the same; and, as was said by this court in the *Adams* case, "admitting as true only the allegations of fact in the petition, we can not escape the conclusion that the petitioner was the author of his own misfortune, and that the acts of negligence alleged against the defendant did not contribute to or concur with petitioner's negligence in causing the collision." See also *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643). The allegations of fact in the case of *Central of Georgia Ry. Co.* v. *Heard*, 36 *Ga. App.* 332 (136 S. E. 533), cited in the brief of counsel for the plaintiff in error, distinguish it from the *Adams* case and the instant case, and the ruling in the *Heard* case will not be extended to cover the facts of the case at bar.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

BLOODWORTH, J. I concur in the judgment of affirmance because I am bound by the majority opinion in the case of *Central of Georgia Ry. Co.* v. *Adams*, 39 *Ga. App.* 577 (147 S. E. 802).

DECIDED MARCH 5, 1930. REHEARING DENIED APRIL 15, 1930.

*Oliver & Oliver, John Z. Ryan,* for plaintiff.
*Hitch, Denmark & Lovett,* for defendant.

BLOODWORTH, J. I concur in the judgment of affirmance, because I am bound by the majority opinion in the case of *Adams* v. *Central of Georgia Ry. Co.*, 39 *Ga. App.* 577.

