20627.   TIDWELL *v.* ATLANTA, BIRMINGHAM & COAST RAILROAD.

BELL, J.   1. Plaintiff sues for damage to his automobile occasioned by a collision with one of the cars forming a part of a stationary train of freight-cars, which it is alleged blocked a public-road crossing for a period of time exceeding the limit allowed by a city ordinance. Petitioner alleges that he approached the crossing cautiously, at night, with the headlights on his automobile burning and in good condition, on a down grade and at a moderate rate of speed, not exceeding fifteen miles per hour, and that he was misled into thinking that the crossing was clear, by reason of the fact that the cars actually standing upon the crossing were open cars loaded with sand, whereas the cars on either side of the crossing were of the box-car type, and that the sand on the open cars gave them the appearance of forming part of the roadway. Contrary to the facts in *Central of Ga. Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533), there is no allegation of a dense fog such as was there alleged which prevented the cars from being seen for a distance of more than ten feet; and, contrary to the facts in that case, the plaintiff here appears to have knowingly approached the crossing with full knowledge of its proximity and location. The rule stated in the *Heard* case can not be extended so as to apply to the facts set forth in the instant petition, but the case under consideration must be controlled by the rulings of this court in *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643), *Central of Georgia Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802), and *Lane* v. *Gay,* 41 *Ga. App.* 291 (153 S. E. 72), wherein it was held, under similar circumstances, that the petitioner was the author of his own misfortune, and that the damage resulted from a failure on his own part to exercise ordinary care.

2. Under the foregoing ruling, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 18, 1931.

*N. F. Culpepper,* for plaintiff.
*W. R. Jones, Lovejoy & Mayer,* for defendant.