22730.   CARROLL *v.* GEORGIA POWER COMPANY.

DECIDED SEPTEMBER 20, 1933.

*Hallie B. Bell, Julian F. Urquhart,* for plaintiff.
*B. J. Fowler, Wallace Miller,* for defendant.

MacIntyre, J. T. E. Carroll brought an action for damages against the Georgia Power Company in the municipal court of Macon. The judge of that court dismissed the action, on general demurrer; and on certiorari the judge of the superior court, after overruling certain exceptions to the answer of the trial judge to the writ of certiorari, overruled the certiorari.

The gist of the exceptions to the answer to the writ of certiorari is that the trial judge "did not adopt nor verify the assignments of error," but merely certified them. The answer is as follows: "Comes now Hugh Chambers, Judge of the Municipal Court, City of Macon, and, in answer to the certiorari of T. E. Carroll against the Georgia Power Company, says that the petition for certiorari sets forth the proceedings had on the trial of this case in the Municipal Court of the City of Macon, in which judgment was entered sustaining the demurrer and dismissing the petition, and is, with the exception of the assignments of error, which are not adopted, but are certified and made a part of this answer, adopted as respondent's answer to the certiorari, all of which is respectfully submitted." Under the ruling in *Cooper* v. *Meaders*, 47 *Ga. App.* 89 (169 S. E. 685), the judge of the superior court properly overruled the exceptions to the foregoing answer.

The only other question for determination is whether the petition in the original damage suit was properly dismissed on demurrer. Omitting some of its formal allegations, and other allegations that shed no light upon the question under consideration, the petition, by paragraph, is substantially as follows:

2. Georgia Power Company is engaged in operating street-cars and having street-car lines over and about the City of Macon, and in particular has a street-car line on Broadway in the City of Macon.

3. "Petitioner shows that Broadway is a public street in the City of Macon, and that your petitioner, about 8:30 o'clock p. m., on the 31st day of January, 1931, was in an automobile in company with one Mr. Anderson, who was operating said automobile and traveling on Broadway in a direction toward South Macon, had come from the up-town district, and was proceeding out Broadway, and, while a passenger in said automobile with said Anderson, had reached a point almost in front of what is known as United Auto Company, located at 860 Broadway, and was traveling on the

right-hand side of Broadway, when suddenly and without notice the automobile in which petitioner was riding collided head-on with a street-car which was standing directly in front of the automobile in which your petitioner was traveling.

4. "Petitioner shows that said street-car was sitting in a siding at said location without any lights on said street-car, as is required by the law of the State of Georgia, and is required by a valid city ordinance of the City of Macon, same being section 36, as follows: 'Between twilight and daylight all four-wheel motor-vehicles shall be re-equipped with two white lights in front and one red light in the rear, while under way.' And also in violation of section 39 of the valid ordinance of the City of Macon which prohibits vehicles of any description from being left standing on any street without a red light in the rear, except in whiteway sections of the City of Macon.

5. "Petitioner shows that at the time and place the street-car was in total darkness, and the driver of said automobile in which your petitioner was riding could not discover the street-car standing there on the siding, although petitioner shows that the driver of said automobile was in the exercise of all ordinary care and diligence at the time and place, and could not have discovered same.

6. "Petitioner shows that he was in the exercise of ordinary care and diligence, and could not have avoided being injured by the collision of the automobile and street-car.

7. "Petitioner shows that the Georgia Power Company, the defendant, its servant, employee, and agent was not in the exercise of ordinary care and diligence, in that they failed to have any lights on the street-car and failed to give any warning to traffic, or to your petitioner, or to the driver who was operating said automobile in which your petitioner was a guest; that said defendant company was not in the exercise of ordinary care and diligence at the time.

8. "Petitioner shows that said defendant company was negligent in allowing said street-car to be standing on said siding on a public street in the City of Macon without any light to give notice or warning to your petitioner.

9. "Petitioner shows that the defendant company, its officer, agent, servant, and employee, failed to exercise ordinary or reasonable care in and about the premises, in not having said street-car lighted sufficiently to be seen by your petitioner."

10. Sets out the various injuries to the petitioner.

11. "Petitioner shows that the automobile in which he was riding was lighted, but the driver of the automobile did not see the street-car until his automobile was within five or six feet of the street-car, the night being dark. No warning of any kind was given of the standing of the street-car, and there was no light· of any kind, either outside or inside of the street-car, which said act, by not having the street-car lighted either on the inside or outside, was negligence."

The demurrer to the petition was as follows:

"1. The petition does not set out a cause of action.

"2. The allegations of the petition show that the injury and damage for which plaintiff sues were caused solely by the negligence or want of ordinary care on the part of the driver of the automobile in whose car plaintiff was a guest."

Under the ruling in *Brinson* v. *Davis,* 32 *Ga. App.* 37 (122 S. E. 643), the demurrer was properly sustained. See also *Espy* v. *Ash,*. 42 *Ga.·App.* 487 (2) (156 S. E. 474); *Georgia Ry. & Power Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S. E. 787); *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268); *Tidwell* v. *Atlanta, Birmingham & Coast Railroad Co.,* 42 *Ga. App.* 744 (157 S. E. 535); *Central of Georgia Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802); *Lane* v. *Gay,* 41 *Ga. App.* 291 (153 S. E. 72). We therefore hold that the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Guerry, J., concurs. Broyles, C. J. disqualified.*