23836. RAPE *v.* TENNESSEE, ALABAMA & GEORGIA RAILWAY COMPANY.

DECIDED MAY 18, 1934.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff.
*Rosser & Shaw, Maddox, Matthews & Owens,* for defendant.

GUERRY, J. This is the second appearance of this case in this court. *Rape* v. *Tennessee, Alabama & Georgia Ry. Co.,* 47 *Ga. App.* 96 (169 S. E. 764). The petition alleged that the defendant company left a coal car attached to a train standing on a public crossing, in a cut at the foot of a sharp descent or decline, with a high embankment on either side, and that the car occupied by the plaintiff was being driven at seven o'clock at night, and the lights of the automobile were thrown above the coal car until the road dipped sharply toward the track, a short distance therefrom, and that neither the driver nor the plaintiff saw the coal car until within ten feet thereof and too late to avoid the collision which caused the injury. This court said that "Under the allegations of the petition, the lights of the automobile were not projected upon the low

coal car, painted black, until a short distance therefrom and until the road dipped 'sharply towards said tracks.'" To meet a special demurrer the plaintiff tendered the following amendment: "Petitioner shows that the slope of the public highway towards the tracks begins at a distance of some fifty or sixty feet from the tracks of the railway company; that said road slopes towards said railroad on a grade of approximately 8%, dipping towards said tracks at said grade for said distance, and that at a distance of approximately 50 or 60 feet from said railroad tracks the public road was above the grade of said railroad tracks approximately 8 to 10 feet, and that by reason of said facts, the lights of said car were thrown over and above said car so as not to disclose the existence of said car upon said crossing." The evidence for the plaintiff disclosed that the plaintiff and the driver were well aware of the existence and presence of said crossing, and that except for its being nighttime and the alleged descent, there was nothing to prevent their seeing a car standing on said crossing. The automobile was traveling twenty or thirty miles per hour and its lights were burning brightly. The plaintiff testified that when the road is within thirty feet of the railroad "it hits a little slant." "I guess it is some ten or twelve per cent. . . I couldn't tell you how much rise or fall that means in a thousand feet. . . I just imagine it was a ten or twelve per cent. grade by the slope of it, and yet I don't know what it means when I say ten or twelve per cent. grade. I don't know how much slope that means in 100 feet." The photographs in the record which were exhibited to the plaintiff were identified as clearly portraying the situation as it existed at the time, and it was testified that they showed the grade of the roadway and all. The plaintiff testified also: "There isn't anything on the picture to show any dip there. The picture doesn't show any dip, . . though I still say there is a dip there." He testified also that he saw the train some twenty or thirty feet before he got to it. The other witnesses testified that the photographs exhibited and introduced showed correctly the situation as to the coal car on the crossing, and the slope of the road, and the distance the railroad tracks were in sight from the road. The evidence of the defendant showed, by a survey made by its engineer, that the grade was one and four tenths per cent. for five hundred feet from the track. The photographs do not indicate any sharp descent or decline, and, on

the contrary, show a clear view of the tracks and a car standing thereon. The testimony of the plaintiff that he guessed that the slope was ten or twelve per cent. must yield to the photographs, which, he states, correctly shows the situation, and the other uncontradicted testimony as to the actual grade at this point.

This case being predicated upon the allegations that because of the sharp descent the plaintiff could not see a car standing upon the railroad until he was too close to stop, and the evidence showing that a person by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, if any, and that the injury to the plaintiff was occasioned solely by the negligence of the driver of the automobile, the court did not err in directing a verdict for the defendant, as the verdict was demanded by the evidence.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*