24569. GAY, receiver, *v.* SMITH.

DECIDED JULY 13, 1935. REHEARING DENIED AUGUST 5, 1935.

*M. C. Barwick, Phillips & Abbot, Hitch, Denmark & Lovett,* for plaintiff in error.

*Thomas W. Hardwick, Isaac S. Peebles Jr., N. J. Smith, Leonard Farkas, Walter H. Burt,* contra.

SUTTON, J. 1. A petition alleging that the plaintiff's son was in an automobile being driven by another, that about 6 a. m. on the morning of December 24, 1932, the same being a dark and foggy morning, the automobile was proceeding southwardly from Washington, D. C., by way of Augusta, Georgia, over a public highway, that it ran into a gondola car which formed a part of the freight-train standing across and blocking the highway at South Wrens, in Jefferson County, Georgia, that the fog was dense and heavy at this point, which prevented the driver of the automobile from seeing the railroad-car across the highway, that neither the driver nor other occupants of the automobile knew of the railroad crossing at this point, that there was no light, no flagman waving a lantern, or other signal or warning to people traveling the highway, of the presence of the train across the highway, that the gondola car and the pavement of the highway were of a similar color and damp with

the mist, and this, with the foggy and dense atmosphere and the darkness, rendered the train car very much the same color of the pavement on the highway and very difficult to see, and that as a result thereof, the driver of the automobile using due care and caution in the premises and proceeding at an orderly rate of speed, about 30 miles an hour, plaintiff's son was instantly killed when the automobile collided with the standing freight-car, set up a cause of action, and the judge did not err in overruling the general demurrer. *Central of Ga. Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533), and cit.; *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131); *Rape* v. *Tenn. &c. Ry.,* 47 *Ga. App.* 96 (169 S. E. 764); *Central of Ga. Ry. Co.* v. *Mann,* 48 *Ga. App.* 668 (173 S. E. 180). "Every case of this sort must, in the last analysis, be determined upon its own facts, and we think the instant petition was not fatally defective as failing to state a cause of action. It sufficiently avers negligence on the part of the defendant, and does not as a matter of law disclose such negligence or want of care on the part of the decedent as to bar a recovery. The defendant, of course, had the right to use its tracks at this crossing, and would not be guilty of negligence in the *mere act* of stopping its cars for such length of time as might be reasonably necessary in the conduct of its business, but it still should comply with any valid municipal ordinances or other lawful regulations enacted for the public safety; and regardless of prescribed regulations, it might be true that in particular circumstances [such as a misty and foggy morning] due care for the safety of travelers would require the placing of a guard, light, or other warning at a proper point for the purpose of giving notice for the time being that the street was obstructed." *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131).

2. The testimony of the driver of the automobile in which plaintiff's son was killed, to the effect that the density of the fog had been varying all along, that he would adjust the speed of the automobile to suit the fog, and, as to how far he could see ahead, that it was very thick at the place where the wreck occurred, because, witness stated, he thought "the smoke had been coming down," was not inadmissible, and the court did not err in overruling the defendant's objection to this testimony upon the ground that it was a conclusion of the witness.

3. During a colloquy between counsel and the court as to what

the driver of the automobile had testified in answer to questions on cross-examination of the witness, the trial judge stated, "I could not express any opinion on what is true or untrue. The witness testified that he took his foot off the gas, and that is as far as I heard him go." This does not require a new trial. *Scarborough* v. *State*, 46 *Ga.* 26, 33; *Croom* v. *State*, 90 *Ga.* 430 (17 S. E. 1003) ; *Jones* v. *Pope*, 7 *Ga. App.* 538 (67 S. E. 280); *Aronoff* v. *Woodard*, 47 *Ga. App.* 725 (9) (171 S. E. 404). The court did not allude to the testimony of the witness in such a manner as to give to it judicial endorsement or approval.

4. While the speed of a vehicle may be estimated by witnesses *(Fisher Motor-Car Co.* v. *Seymour,* 9 *Ga. App.* 465, 91 S. E. 764; 70 A. L. R. 541), it was error for the court to allow a witness to testify as to the rate of speed a person could ordinarily operate an automobile with safety on the night in question, having regard to the atmospheric conditions, the condition of the highway, and the location and condition of the crossing. 23 C. J. 512, and cit. However, a new trial will not be granted for this reason, as this error was harmless, in that similar evidence of other witnesses was admitted without objection from the defendant and was before the jury. See *City of Atlanta* v. *Hawkins,* 45 *Ga. App.* 847, 849 (166 S. E. 262) ; *General Tire & Rubber Co.* v. *Brown Tire Co.,* 46 *Ga. App.* 548 (3 c) (168 S. E. 75).

5. The trial judge did not err in permitting Carl Nelson, a witness for plaintiff, who arrived upon the scene of the collision some few minutes thereafter, to testify that a white man dressed in overalls, with a lantern in his hands, "in charge of things," and apparently a train employee, made a certain statement to him as to how long the train had been standing there at the time of the collision. Witness stated the facts upon which he assumed that the person referred to was an employee of the railroad company. See *A. & W. P. R. Co.* v. *Newton,* 85 *Ga.* 517 (11 S. E. 776).

6. As the plaintiff was suing for the death of her son as a partial contributor to her support, it was not error for the court to permit evidence to go before the jury as to the financial condition of the family and with reference to the amount of money earned by the father of the deceased boy and the amount contributed by him towards the support of the family. There was no error in the court's charge upon the subject of dependency. In this State a re-

covery may be had by a mother where the dependency is only slight. Such charge was not misleading, incorrect, or confusing. *Central of Ga. Ry. Co.* v. *Henson,* 121 *Ga.* 462 (49 S. E. 278) ; *W.. U. Tel. Co.* v. *Harris,* 6 *Ga. App.* 260, 266 (64 S. E. 1123) ; *Fuller* v. *Inman,* 10 *Ga. App.* 680, 686 (74 S. E. 287).

7. The court did not err in admitting in evidence the ordinance of the Town of Wrens, limiting the blocking of crossings to five minutes. The plaintiff alleged that the crossing was blocked for more than five minutes, in violation of an ordinance of such municipality. There was evidence, which the court allowed over objection of the defendants and which we have held admissible, going to show that a person, apparently a member of the train crew, stated immediately after the accident that the train had been at the crossing some ten or fifteen minutes before the collision. It was alleged in defendant's answer that the train arrived at the crossing at 6 :10 a. m., and defendant's engineer testified on direct examination that the train arrived at the crossing at 6 :10 a. m., and that the collision occurred at 6 :16 or 6 :17. There was no error in admitting this ordinance, or in instructing the jury that a violation of this ordinance by the railroad company would be negligence per se, and, if the proximate cause of the injury to plaintiff's son, would authorize a recovery.

8. The court erred in refusing to charge the jury, upon timely written request by the defendant, that there was a State law prohibiting automobiles from traveling upon the highways of this State at more than 40 miles an hour, and that there was an ordinance of the Town of Wrens limiting the speed of automobiles to 12 miles an hour, which ordinance was put in evidence by the defendant. The court stated to the jury : "when one violates any valid municipal ordinance or public law of this State," he is guilty of negligence as a matter of law. This was not sufficient, particularly in view of the requests duly made. There was evidence authorizing the jury to find that the automobile in which plaintiff's son was riding was being driven at a high and unlawful rate of speed, to wit, in excess of 40 miles an hour. The noise and sound made by the motor of the automobile, heard by the members of the train crew, was a circumstance to be considered in this connection. There was evidence that the driver of the automobile and one of the occupants admitted while in the hospital, shortly after the wreck, that the automobile

was being operated at an unlawful rate of speed at the time of the accident. A witness for the defendant testified that an automobile passed him up the road, not far from the scene of the accident, traveling at a terrific rate of speed, 55 or 60 miles an hour, and that this automobile had baggage tied on the outside of it, and that the occupants thereof were dressed in uniforms of United States Naval Academy cadets.

9. None of the other grounds of the motion for new trial show reversible error. Where a principle is substantially covered in the charge given, it is not error to refuse a request therefor. The court did not err in defining negligence as "a failure to use ordinary care." Immediately in connection therewith the court defined ordinary care. The court then specifically charged the jury that "Negligence is a failure to use ordinary care, and ordinary care is that same degree of care which every prudent man would exercise with reference to his own person or property under the same or similar circumstances." Under the charge of the court as a whole, there was no error in the instructions given on negligence or comparative negligence, or in refusing to give the instructions requested by the defendant on these subjects, as the same were sufficiently covered in the charge given.

10. No error appears in the rulings upon the special demurrers to the petition. While a plaintiff is bound to plead his case with sufficient particularity and definiteness to enable the defendant to clearly understand the nature of the charge made and prepare his defense thereto, a plaintiff is not required to plead his case with such minute detail as to set forth his evidence. Furthermore, under the evidence adduced, the information called for by the special demurrers was not of sufficient importance to have likely affected the result.

11. As a new trial is granted for the reasons stated in division 8 of this opinion, it is not necessary for this court to pass upon the sufficiency of the evidence to support the verdict.

12. The court erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

ON MOTION FOR REHEARING.

SUTTON, J. 1. The plaintiff in error contends in a motion for rehearing that this court erred in holding that the plaintiff's petition set out a cause of action, and that the trial judge did not err

in overruling defendant's general demurrer, especially in that this court failed to apply to the petition in this case the rulings of this court in *Brinson* v. *Davis, 32 Ga. App.* 37 (122 S. E. 643), *Central of Ga. Ry. Co.* v. *Adams, 39 Ga. App.* 577 (147 S. E. 802), *Lane* v. *Gay, 41 Ga. App.* 291 (153 S. E. 72), *Tidwell* v. *A., B. & A. Ry. Co., 42 Ga. App.* 744 (157 S. E. 535), *State Highway Dept.* v. *Stevens, 46 Ga. App.* 359 (167 S. E. 788), *Carroll* v. *Ga. Power Co., 47 Ga. App.* 518 (171 S. E. 208), *Anderson* v. *Collins & Glennville Railroad Co., 47 Ga. App.* 722 (171 S. E. 384), and *Rape* v. *Tennessee, Ala. & Ga. Ry. Co., 49 Ga. App.* 175 (174 S. E. 551), and certain decisions of the Federal intermediate courts. These cases are different in their facts from the case at bar. Bearing in mind the apt statement that "Every case of this sort must, in the last analysis, be determined upon its own facts" (see *Mann* v. *Central of Ga. Ry. Co., 43 Ga. App.* 708, 710, supra), and applying to the facts of the present case the principles of law relied upon in *Central of Ga. Ry. Co.* v. *Heard, 36 Ga. App.* 332 (supra), and cases following that decision, the instant case is certainly materially different from the cases relied upon by counsel for the railroad company. Questions of negligence, diligence, etc., are, in this State, ordinarily questions of fact for determination by a jury. In the case under consideration there appears, from the allegations of the petition, to have been a dense fog, smoke from the standing locomotive mixed therewith, and the time was early dawn on a winter morning, and the driver of the automobile did not have knowledge of the proximity and location of this particular railroad-crossing. In this case the petition charges that, due to the atmospheric conditions, one could not see the gondola car across the highway, and that due care for the safety of travelers along the highway required the placing by the railroad company of a guard, light, or other warning at a proper point for the purpose of giving notice for the time being that the highway was obstructed, which was not done. The very things that distinguished the *Heard* case (36 *Ga. App.* 332) from the *Tidwell* case (42 *Ga. App.* 744) and from the *Brinson* case (32 *Ga. App.* 37) distinguish the present case from those cases and from other cases cited by counsel for the railroad company and above referred to.

Counsel for the plaintiff in error misconstrue the first syllabus of the opinion in this case. This court did not base its holding

that the petition set out a cause of action upon the fact that it was alleged that the railroad company had violated a municipal ordinance relative to blocking crossings. It is true that there appears approvingly in the latter part of this syllabus a quotation from the *Mann* case (43 *Ga. App.* 710), the petition in which case contained such an allegation; but the quotation from the *Mann* case was used by this court for the purpose of illustrating that the petition in this case made a jury issue, it being alleged that there was a foggy, dense atmospheric condition, and smoke from the locomotive, and that due care required the placing of some sort of guard, light, or other warning to travelers of the blocking of the highway. The *Mann* case, like the present case, had the features which distinguished the *Heard* case from the line of cases relied upon by counsel for the railroad company and hereinbefore cited, which were expressly distinguished in the *Heard* case, and the *Tidwell* case was expressly distinguished along this same line from the *Heard* case. Therefore we feel that this ground of the motion for a rehearing is without merit.

2. The plaintiff in error contends that this court should pass on the sufficiency of the evidence in this case, even though a reversal is had. It has been the practice of the appellate courts of this State, when reversing a judgment overruling a motion for new trial, to refrain from passing upon the sufficiency of the evidence to support the verdict, unless, of course, the reversal was solely because of the failure of the evidence to support the verdict. This is so because the evidence upon a second trial may not be the same. *Atlantic & Birmingham R. Co.* v. *Reynolds,* 117 *Ga.* 47, 54 (43 S. E. 456); 1 Michie's Dig. 1025, 1026. Of course, if the evidence demanded the verdict found by the jury, then any error in the charge of the court, etc., would be harmless. Therefore this court will rule on the evidence on a bill of exceptions assigning error upon the overruling of a motion for new trial to the extent of holding that the verdict was not demanded by the evidence. "Since the case is to be retried, this court will not pass on the sufficiency of the evidence further than to say that it did not demand a verdict for the plaintiff." *Hawk* v. *Western & A. R. Co.,* 20 *Ga. App.* 395 (93 S. E. 40). What will be the evidence when the case is tried again this court does not know. The fact that the plaintiff below was represented on the first trial by able and diligent coun-

sel does not necessarily mean that the evidence upon the second trial will be the same as that upon the first trial; and this court does not feel constrained for that reason to now pass upon the sufficiency of the evidence to support the verdict in this case.

3. Plaintiff in error states that this court "evidently misapprehended the testimony" of its engineer "on direct examination, that the train arrived at the crossing at 6:10 a. m., and that the collision occurred at 6:16 or 6:17," and that the court "may have been led into this error by looking at the direct testimony of the engineer, in which he speaks of the general custom under which the train was supposed to leave Camak at 5 o'clock and get into Wrens at 6:10 a. m." On page 212 of the record (page 140 of the brief of evidence) in this case there appears the direct testimony of this witness, and he testified: "We left Camak that morning on time; we are supposed to leave there at 5 o'clock,—and got into Wrens at 6:10." To the mind of this court this is testimony that the train got into Wrens on the morning of the fatal accident at 6:10. On cross-examination, it is true, this same witness testified (page 224 of the record, page 151 of the brief of evidence) that the train got into Wrens about 6:14 or 6:15, and the accident happened about 6:16 or 6:17. The jury were at liberty to believe either statement of this witness.

4. Plaintiff in error insists that this court should have specifically ruled on the refusal of the trial court to comply with a request to charge the jury as follows: "One can not drive blindly through fog or darkness upon a public highway in Georgia and recover damages from another merely because he strikes an obstruction in the highway placed there by that other, if he takes no precaution whatever for his own safety. The same rule applies in the case of a mother suing for the death of her son riding in an automobile jointly hired for the use of himself, the driver, and others, and being so driven. The driver must use ordinary care to avoid danger to himself and to the other occupants of the automobile. The mere fact that a fog existed, though dense in nature, and even if it were impenetrable by the sight of one's eye, as the lights of an automobile may be reflected through the fog upon the highway,— this alone is not sufficient to authorize a recovery under such circumstances. It must be found, in addition, that the defendant was negligent, that the negligence of the defendant was the proximate

cause of the injury, that the driver of the automobile could not have avoided the consequence of the defendant's negligence at the time he ascertained it, or it was reasonably to be apprehended, by the exercise of ordinary care. And if the negligence of the driver of the automobile was equal to or greater than the negligence of the defendant, the plaintiff can not recover." This court had in mind this request when it stated in the original opinion that certain requests to charge were sufficiently covered by the court in the charge given, and the failure to give the requested instructions did not require the grant of a new trial. This court is still of the opinion that the charge of the court sufficiently covered and dealt with the principles of law embodied in the above-quoted request to charge submitted by the defendant, now plaintiff in error. It follows that the motion for a rehearing in this case is denied.