25131.   REID *v.* SOUTHERN RAILWAY COMPANY *et al.*

DECIDED JANUARY 31, 1936.

*Ben C. Williford, Joseph G. Collins,* for plaintiff.

*Wheeler & Kenyon, R. W. Smith Jr., Boyd Sloan, Sam S. Harben, Charles J. Thurmond,* for defendants.

SUTTON, J.   The exception is to a judgment dismissing the plaintiff's action for damages alleged to have resulted from the negligence of two defendants.

1.   It appears from the allegations of the petition that the accident resulting in the plaintiff's injury occurred on a public highway at a place where the railroad-tracks of the defendant company ran parallel to the highway at a distance of about 20 feet eastward therefrom, and at this point a locomotive of that company was standing and emitting a large volume of dark smoke which drifted across the highway opposite the locomotive, completely obscuring the highway at this place; that the automobile truck of the other defendant, which was traveling ahead of the plaintiff in the same direction along the highway, had stopped within the cloud of smoke on the extreme right side of the road, and was thereby enveloped in the smoke and rendered invisible to the plaintiff; that the defendants could have seen the plaintiff approaching in his automobile for about 200 yards up the road; that the defend-

ants gave no warning of the condition of the highway at this point (that is, that a truck was parked within such cloud of smoke); and that while the plaintiff could not see the parked truck in time to avoid colliding with it on account of the smoke, and could not tell that the automobile was so parked on the highway ahead of him within the cloud of smoke, yet he could have seen, for a distance of about 200 yards before he reached this point, that the smoke was drifting across the highway and obscuring it, rendering it impossible for him to know what was within the cloud of smoke ahead of him. Under these facts the petition does not show any right in the plaintiff to recover of either of the defendants, it not appearing that he was laboring under any disability which prevented his seeing the smoke and appreciating its danger, or that he acted under any emergency. See Code, §§ 94-703, 105-603; *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643); *Tidwell* v. *A. B. & C. R. Co.*, 42 *Ga. App.* 744 (157 S. E. 535); *Carroll* v. *Georgia Power Co.*, 47 *Ga. App.* 518 (171 S. E. 208); *Anderson* v. *Collins &c. R. Co.*, 47 *Ga. App.* 722 (171 S. E. 384); *Lane* v. *Gay*, 41 *Ga. App.* 291 (153 S. E. 72); *Morgan* v. *Central R. Co.*, 77 *Ga.* 788; *Central of Ga. Ry. Co.* v. *Haden*, 22 *Ga. App.* 589 (96 S. E. 502); *Central of Ga. Ry. Co.* v. *Black*, 114 *Ga.* 389 (40 S. E. 247); *Coleman* v. *Wrightsville &c. R. Co.*, 114 *Ga.* 386 (40 S. E. 247); McCrory *v.* Chicago &c. R. Co., 31 Fed. 531; Ewing *v.* Chapman, 91 W. Va. 641 (114 S. E. 158).

(*a*)  There being no allegation to the contrary, it must be assumed that the plaintiff was a person of ordinary intelligence, and that he was laboring under no physical defect or disability that rendered him incapable of knowing or appreciating the danger of the situation. *Moore* v. *S. A. L. Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471); *Biederman* v. *Montezuma Mfg. Co.*, 29 *Ga. App.* 589 (116 S. E. 225); *A. C. L. R. Co.* v. *Fulford*, 159 *Ga.* 812 (127 S. E. 274).

(*b*)  The railroad company had a right to stop its engine and to allow it to emit smoke, where this was not done in an unusual or unnecessary manner, so as to create a dangerous situation and cause injury to others. It was proper for the other defendant to stop his truck on the highway on the extreme right side, and he did not have to drive his truck completely off the highway. Code, § 68-303 (a).

2. It plainly appears from the allegations of the petition that the plaintiff could have seen the smoke that completely obscured the highway at this place when he drove into it, being unable to see what was ahead of him. He took the chance of there being some hidden obstruction or danger within the smoke, and therefore he proceeded at his peril. He "knowingly and deliberately took a risk the danger of which, to any person of common prudence, would have been plain and obvious." "A man can not heedlessly rush into grave peril of the existence of which he is perfectly aware, and then hold any one else, whether negligent or not, responsible for the consequences." *City of Columbus* v. *Griggs,* 113 *Ga.* 597 (38 S. E. 953, 84 Am. St. R. 257) ; *Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64). Such act of the plaintiff, "in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety." See *Abrams* v. *Waycross,* 114 *Ga.* 712 (40 S. E. 699) ; *Athens Ry. & El. Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83).

3. A petition when challenged by demurrer or motion to dismiss should be construed most strongly against the petitioner. Where it appears that the injury was caused by the plaintiff's own negligence, and could have been avoided by the exercise of ordinary care on his part, he fails to set out a cause of action. The judge did not err in dismissing the action.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*