32298. EVANS *v.* GEORGIA NORTHERN RAILROAD COMPANY.

DECIDED FEBRUARY 26, 1949.

H. G. Rawls, J. W. Kieve, for plaintiff.

Gibson & DeLoache, Bennet, Peacock & Perry, Asa D. Kelley Jr., for defendant.

SUTTON, C. J. Harold J. Evans brought suit in the City Court of Albany against Georgia Northern Railroad Company for the recovery of $25,000 damages for injuries allegedly sustained as a result of a collision between an automobile in which he was riding and a freight train of the defendant. In the petition it is alleged: (3) On February 7, 1948, he was riding in an automobile, driven by and under the exclusive control of his wife, and belonging to her mother, in an easterly direction along the Albany-Sylvester highway (U. S. Highway No. 50), a paved, heavily traveled route, which is a connecting artery for traffic between Albany and Turner Air Base. (4) The automobile was being operated by his wife in a careful and cautious manner, at a speed not in excess of 20 miles per hour, when, without any notice or warning, it collided with a moving freight train, which, at the time, was occupying the railroad lines of the defendant at a crossing intersecting the highway 2112 feet east of the city limits of Albany. (5) This collision occurred about 4:00 a. m. when the atmosphere was obscured by a heavy fog, and his wife was aware of such condition and was driving at a rate of speed commensurate with the distance she could see down the highway from the reflection of the headlights on the automobile, but the reason she and the petitioner could not see the freight train was that the headlights on the automobile were dimmed in order to see the surface of the road and therefore projected under the boxcars of the train. (6) The defendant was negligent as follows: "(a) Defendant failed to have and maintain an electric bell, gong, or other signal apparatus which would by sounding apprize persons approaching the crossing of the presence of the train standing upon or passing over the crossing. (b) Defendant failed to have

an electric light suspended over the crossing to illuminate the same in order to show persons on the highway any obstruction upon the crossing notwithstanding the atmospheric conditions and the darkness then and there prevailing. (c) Defendant failed to provide a red or other colored light which would have penetrated the mist, fog, and darkness and would have apprized petitioner and his wife of the presence of the freight train upon said crossing. (d) Defendant failed to hail or otherwise warn the driver of the car as she approached the crossing, which would have apprized her of the danger that confronted her. (e) The defendant, being aware that the heavy fog would obscure the visions of any traveler who might be upon said highway, was negligent in crossing said intersection with a 46-car freight train without having stationed at said crossing a flagman or some other servant displaying a light or other signaling device to warn travelers of the danger incident to said situation. (f) In failing to ring the bell on the locomotive pulling said train during the entire time the boxcars were traversing said crossing in order that petitioner and his wife, whose vision was obscured by the mist and fog, might have been apprized of the obstruction on the highway." Other allegations of the petition give details of the injuries and indicate that the plaintiff, a soldier, is totally and permanently disabled. The defendant demurred generally and specially to the petition, and the trial judge sustained the demurrers and dismissed the petition, to which ruling and judgment the plaintiff excepted.

Construing the petition most strongly against the pleader, as required on demurrer, and there being no allegations to the contrary, it can be said that the driver of the automobile was familiar with the highway and the location of the railroad crossing, and should have anticipated that at the time a train might be upon or proceeding across the intersection, and should have exercised her control over the automobile accordingly. It was dark, her vision was also obscured by fog, and she had dimmed the lights of her automobile in order to see the surface of the road better, thus further restricting her view and creating the probability that the lights would shine under and not upon a train crossing the intersection. Under these circumstances she was under a duty,

in the exercise of ordinary care, to operate the automobile in such a manner as to avoid passing over the crossing until after she was able to see that it was unobstructed, and in such a manner as to be able to stop in time to avoid hitting the train in the event the crossing was obstructed. While ordinarily questions of diligence and negligence, including proximate cause, are for the jury, it is the duty of the court to determine these questions in clear and palpable cases. It clearly appears from the petition in the present case that the sole proximate cause of the collision was the failure of the operator of the automobile, with full knowledge of the conditions then existing, to exercise ordinary care and control the automobile so as to avoid striking the train that was actually proceeding across the intersection, and the trial judge did not err in sustaining the general demurrer of the defendant and in dismissing the petition. This case is controlled by the rulings in *Brinson* v. *Davis*, 32 *Ga. App.* 37 (122 S. E. 643); *Central of Ga. Ry. Co.* v. *Adams,* 39 *Ga. App.* 577 (147 S. E. 802); *Lane* v. *Gay,* 41 *Ga. App.* 291 (153 S. E. 72); *Tidwell* v. *Atlanta, Birmingham & Coast R.,* 42 *Ga. App.* 744 (157 S. E. 535); *Baker* v. *Atlantic Coast Line R. Co.,* 52 *Ga. App.* 624 (184 S. E. 381); *Pollard* v. *Clifton,* 62 *Ga. App.* 573 (9 S. E. 2d, 782); *Bassett* v. *Callaway,* 72 *Ga. App.* 97 (33 S. E. 2d, 112). Also see *Burnett* v. *Louisville & Nashville R. Co.,* 58 *Ga. App.* 64 (197 S. E. 663). The following cases, cited by the plaintiff in error, do not authorize or require a different ruling, under the facts of the present case, from the one here made: *Central of Ga. Ry. Co.* v. *Burton,* 33 *Ga. App.* 199 (125 S. E. 868); *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (134 S. E. 126); *Central of Ga. Ry. Co.* v. *Heard,* 36 *Ga. App.* 332 (136 S. E. 533); *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131); s. c., 48 *Ga. App.* 668 (173 S. E. 180); *Rape* v. *Tennessee, Alabama & Georgia Ry.,* 47 *Ga. App.* 96 (169 S. E. 764); but note the result on the evidence, s. c., 49 *Ga. App.* 175 (174 S. E. 551); *Gay* v. *Smith,* 51 *Ga. App.* 615 (181 S. E. 129); *Shelley* v. *Pollard,* 55 *Ga. App.* 88 (189 S. E. 570); *Southern Ry. Co.* v. *Riley,* 57 *Ga. App.* 26 (194 S. E. 422); s. c., 60 *Ga. App.* 475 (4 S. E. 2d, 54); *Pollard* v. *Roberson,* 57 *Ga. App.* 621 (195 S. E. 897); *Southern Ry. Co.* v. *Lowry,* 59 *Ga. App.* 109 (200 S. E. 553); *Pollard* v. *Roberson,* 61 *Ga. App.* 465

(6 S. E. 2d, 203); *Courson* v. *Atlanta, Birmingham & Coast R.,* 70 *Ga. App.* 318 (28 S. E. 2d, 313).

Judgment affirmed. *Felton* and *Parker, JJ.,* concur.