27545.   POLLARD, receiver, *v.* ROBERSON.

DECIDED DECEMBER 1, 1939.   REHEARING DENIED DECEMBER 19, 1939.

*John L. Tison, Matthews, Owens & Maddox,* for plaintiff in error.

*J. B. Edwards, Arnold, Gambrell & Arnold,* contra.

FELTON, J. (After stating the foregoing facts.) 1. The assignment of error in ground 1 of the amended motion for new trial will not be passed on for the reason assigned in division 2 of the decision in *Pollard* v. *Roberson, ante,* 465.

2. It was error to refuse to give the following request to charge: "If you find that it was so dark and foggy that Mrs. Roberson could not see in front of her automobile for any appreciable distance, you should take that, along with the speed at which she was driving, along with all the other evidence, into consideration in determining whether or not she was in the exercise of ordinary care, and if you find that by the exercise of ordinary care she could have avoided running into the train, and that her failure to use such care was the proximate cause of the plaintiff's injuries, you should find for the defendant," for the reason that it was pertinent, applicable, and adjusted to the pleadings and evidence, and was not as fully covered by the general charge.

3. For the reason given in division 2 of this opinion it was error to refuse to give in charge the following request to charge: "The defendant contends that, in the exercise of ordinary care, Mrs. Roberson should have been driving the automobile, at the place and under the circumstances shown by the evidence, at such a rate of speed as to be able to stop within the distance she could see ahead. If you find that at the place where the collision occurred and under the conditions existing at the time, that Mrs. Roberson, in the exercise of ordinary care, should have been driving at such a rate of speed that she could stop within the distance she could see ahead, and failed to do so, and that this was the proximate cause of the plaintiff's injuries, you should find for the defendant." *Reid* v. *So. Ry. Co.,* 52 *Ga. App.* 508 (183 S. E. 849); 44 A. L. R. 1403; 58 A. L. R. 1493; 87 A. L. R. 900.

4. What is said in division 2 of this opinion applies to the following request to charge: "Under the law, the driver of the automobile, Mrs. Roberson, owed a duty to the railroad company to exercise ordinary care in approaching and attempting to pass over

the crossing; and in this connection I charge you that it was her duty on approaching this crossing to drive the automobile at such a rate of speed and to keep such a lookout ahead as would meet the requirements of ordinary care, taking into consideration all of the conditions existing at the time as may be shown by the evidence. If you find from the evidence that, in the exercise of ordinary care, Mrs. Roberson could or should have seen or known that the train was on the crossing in time to have stopped the automobile before striking the train, or otherwise could have avoided running into the same, and that her failure to use such care was the proximate cause of the plaintiff's injuries, you should find in favor of the defendant."

5. The assignment of error in ground 5 of the amended motion is controlled by the decision in division 6 of the case of *Pollard* v. *Roberson,* supra.

6. The assignment of error in ground 6 of the amended motion is controlled by the decision in division 7 of the case of *Pollard* v. *Roberson,* supra.

7. The assignment of error in ground 7 of the amended motion is controlled by the decision in division 8 of the case of *Pollard* v. *Roberson,* supra.

8. There is no merit in grounds 8 and 9 of the amended motion.

9. The following charge was not error for any reason assigned: "As to each and all of the acts and omissions charged by the plaintiff against the defendant as being negligent, I charge you, gentlemen, that unless such negligent acts and omissions contributed to and caused the injuries to the plaintiff complained of in this case, they would not be considered by you. The only negligence, if there was such negligence, that you would consider would be such negligence as you may believe from the evidence may have been the proximate cause of the injuries complained of. I charge you further that if the defendant was negligent in some one or more or all of the respects and particulars named in the petition, and if you believe that as a result of such negligence he was injured, and if you believe that he was not guilty of such negligence as under the circumstances would bar a recovery, then I charge you that the plaintiff would be entitled to recover in this case." The charge instructed the jury that if they believed that the defendant was negligent and that the plaintiff was injured as a result of such

negligence and that the plaintiff was not guilty of such negligence as barred a recovery, the plaintiff would be entitled to recover. If any negligence of the defendant proximately contributed to the plaintiff's injuries, although some negligence of the driver of the automobile may also have proximately contributed to the plaintiff's injuries, the plaintiff could nevertheless recover against the defendant on account of the negligence of the defendant proximately contributing to the plaintiff's injury.

10. There is no merit in ground 11 of the amended motion.

11. The following charge was not error: "I charge you, gentlemen, that the plaintiff must have been in the exercise of ordinary care to protect himself against any negligence which may have occurred on the part of the defendant. If you find that the driver of the car was the agent of the plaintiff, or that the plaintiff and the driver were riding in the same automobile, then engaged in such a joint enterprise as to give the plaintiff a controlling, directing, or governing power over the running of the automobile, so as to give him a joint control over the operation of the automobile, then any negligence of the driver of the automobile, if you find there was such, would be imputable to the plaintiff. However, if you find that the plaintiff was simply a guest in the automobile, having no joint interest or control, and that the driver was not his agent or under his control to any extent, then the negligence of the driver, if any, would not be imputable to or chargeable against the plaintiff in this case. The negligence of the driver of an automobile is not imputable to one riding with him merely as a guest." The charge was correct as far as it went, and will not be held to have been erroneous because the court failed to give in connection therewith another correct principle of law.

12. There is no merit in grounds 13 and 14 of the amended motion.

13. The assignment of error in ground 15 of the amended motion is controlled by the decision in division 15 of the case of *Pollard* v. *Roberson,* supra.

14. There was no error in allowing the plaintiff to amend his petition for the reasons stated in division 16 of the decision in *Pollard* v. *Roberson,* supra.

15. Since the case will be tried again, the question as to whether

the verdict was excessive will not be passed on, nor will the general grounds of the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*